**LI MING LIN, Also Known as Liming Lin, Also Known as Lin Li Ming, Petitioner,**

v.

**Eric H. HOLDER Jr., United States Attorney General,[1] United States Department of Justice, Respondents.**

No. 08–6176–ag.

United States Court of Appeals, Second Circuit.

Oct. 19, 2009.

---

1. Pursuant to Federal Rule of Appellate Procedure 43(c)(2), Attorney General Eric H. Holder Jr. is automatically substituted for former Attorney General Michael B. Mukasey as a respondent in this case.

Yee Ling Poon, New York, NY, for Petitioner.

Tony West, Assistant Attorney General, Civil Division; Ernesto H. Molina Jr., Assistant Director; D. Nicholas Harling, Trial Attorney, Office of Immigration Litigation, Civil Division, Washington, D.C., for Respondents.

PRESENT: WALKER, JOSEPH M. McLAUGHLIN and JOSÉ A. CABRANES, Circuit Judges.

### SUMMARY ORDER

Li Ming Lin, a native and citizen of the People's Republic of China, seeks review of a November 26, 2008 order of the BIA denying his motion to reopen his removal proceedings. *In re Li Ming Lin,* No. A076 095 528 (B.I.A. Nov. 26, 2008). We assume the parties' familiarity with the underlying facts and procedural history of the case.

We review the BIA's denial of a motion to reopen for abuse of discretion. *Ali v. Gonzales,* 448 F.3d 515, 517 (2d Cir.2006). Here, the BIA did not abuse its discretion in denying Lin's untimely motion to reopen. An alien may only file one motion to reopen and must do so within 90 days of the final administrative decision. 8 C.F.R. § 1003.2(c)(2). However, there is no time or numerical limitation where the alien establishes materially "changed circumstances arising in the country of nationality." 8 C.F.R. § 1003.2(c)(3)(ii). Lin's motion to reopen was unquestionably untimely where it was filed almost six years after the agency's final order of removal. *See* 8 C.F.R. § 1003.2(c)(2).

The BIA did not err in finding that the evidence Lin submitted with his motion to reopen did not overcome the adverse credibility determination made in Lin's removal proceeding. As we have found, the BIA may reasonably decline to accord probative weight to documents submitted with a motion to reopen where the IJ made an adverse credibility determination after the movant's asylum hearing. *Qin Wen Zheng v. Gonzales,* 500 F.3d 143, 146–47 (2d Cir.2007). We find no abuse of discretion in the BIA's decision to do so here. *See id.; Kaur v. BIA,* 413 F.3d 232, 233 (2d Cir.2005) (per curiam) (finding that evidence submitted was not material because it did not overcome the IJ's prior adverse credibility determination); *Siewe v. Gonzales,* 480 F.3d 160, 170 (2d Cir. 2007) ("[A] single false document or a single instance of false testimony may (if attributable to the petitioner) infect the balance of the alien's uncorroborated or unauthenticated evidence."). The BIA's finding that Lin failed to demonstrate changed country conditions is dispositive of his petition for review. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

For the foregoing reasons, the petition for review is DENIED. As we have completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DISMISSED as moot. Any pending request for oral argument in this petition is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), and Second Circuit Local Rule 34(b).